**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30094 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00203-EJL-1 |
| v. | |
| HUGO CHAVEZ ACEVEDO, AKA Hugo Acevedo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted June 4, 2018[**]
Portland, Oregon

Before: M. SMITH and MURGUIA, Circuit Judges, and KORMAN,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Defendant-Appellant Hugo Chavez Acevedo appeals the district court's denial of his motion to suppress evidence of possession with intent to distribute methamphetamine and heroin, which police discovered while conducting a warrantless search of his vehicle. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *see United States v. Gust*, 405 F.3d 797, 799 (9th Cir. 2005), we affirm.

Acevedo contends that officers violated his Fourth Amendment rights when they searched his vehicle without a warrant after arresting him during a controlled buy. However, by the time the officers performed the search, they knew that (1) Acevedo's vehicle matched the confidential informant's (CI's) description of his drug supplier's vehicle; (2) Acevedo had driven to the specific part of the parking lot that Acevedo and the CI had agreed upon for the controlled buy through police monitored phone calls; and (3) Acevedo matched the CI's description of his supplier. Therefore, at the time of the search, the officers had probable cause to believe Acevedo's vehicle contained evidence of a crime, and the automobile exception to the warrant requirement applied.[1] *See United States v.*

---

[1] We do not consider Acevedo's argument that the officers relied on an improperly facilitated drug dog sniff to establish probable cause, *see Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 880 (10th Cir. 2014), because, as explained above, the officers had probable cause to search the vehicle for evidence of possession with intent to distribute methamphetamine and heroin when the CI identified Acevedo, if not before. The officers did not need to rely on the K9 sniff to establish probable cause, and the search was lawful under the automobile

*Brooks*, 610 F.3d 1186, 1193–94 (9th Cir. 2010). Contrary to Acevedo's argument on appeal, the "search incident to lawful arrest" doctrine is inapplicable to his case, and because the officers' search was lawful pursuant to the automobile exception, the evidence the officers obtained was not "fruit" of an unlawful search.

**AFFIRMED.**

---

exception. *United States v. Ross*, 456 U.S. 798, 825 (1982) ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.").